Filed 7/18/23  Schneider v. Bank of America CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Amador)

----

| | |
|---|---|
| CHRISTOPHER D. SCHNEIDER, | C093540 |
| Plaintiff and Appellant, | (Super. Ct. No. 19-CVC-11425) |
| v. | |
| BANK OF AMERICA, N.A., et al., | |
| Defendants and Respondents. | |

Christopher D. Schneider appeals from a judgment of dismissal after Bank of America, N.A. and Federal Home Loan Mortgage Corporation (together, respondents) successfully demurred to his complaint.  He contends we should reverse for four reasons: respondents omitted his ZIP Code in most of their proofs of service, the trial court's actions in a separate proceeding caused him to be homeless, the trial court committed perjury, and the trial court violated his rights under the First and Fourteenth Amendments of the United States Constitution.  We affirm.

1

BACKGROUND

Schneider sued respondents for, among other things, allegedly breaking into his home, stealing and destroying his possessions, and taking possession of his home. At the top of his complaint, Schneider—who describes himself as homeless—listed his address as "General Delivery," "Jackson, CA," with no ZIP Code included. On most of his other filings, Schneider added a ZIP Code. He usually listed 95642, though, on one occasion, he mistakenly listed 95685.

Respondents afterward filed a demurrer and motion to strike parts of Schneider's complaint. In their demurrer, they argued all of Schneider's causes of action should be dismissed because he failed to state sufficient facts to constitute a cause of action and because each alleged cause of action was vague and uncertain. They added that one of Schneider's causes of action, for breach of contract, should also be dismissed because he failed to indicate whether the alleged contract was written, verbal, or implied by conduct. In their proofs of service for the demurrer and motion to strike, respondents used the same mailing address listed on Schneider's complaint—"General Delivery," "Jackson, CA," with no ZIP Code included. But in a later filing titled Notice of Non-Receipt of Opposition to Demurrer and to Motion to Strike, respondents added the 95642 ZIP Code for the City of Jackson.

With no filed opposition from Schneider, and following several continuances by the trial court, the trial court granted respondents' motion to strike and sustained their demurrer without leave to amend. The court later entered judgment in respondents' favor. Schneider timely appealed.

DISCUSSION

Schneider urges us to set aside the trial court's judgment for four reasons. First, he contends reversal is required because the proofs of service for most of respondents' filings omitted his ZIP Code, reasoning that the omitted ZIP Code "promotes lost and/or undelivered mail." As covered above, several filings omitted Schneider's ZIP Code.

2

Schneider initiated this practice with his complaint, which listed his address as "General Delivery," "Jackson, CA," with no ZIP Code included. Respondents afterward used this address in the proofs of service for their filings concerning their demurrer and motion to strike. But most other proofs of service included Schneider's ZIP Code. The trial court, for example, included Schneider's ZIP Code when it mailed several notices that the hearing on the demurrer and motion to strike was being continued. And respondents also included Schneider's ZIP Code when they mailed notice that they never received an opposition to their demurrer and motion to strike, though they later omitted the ZIP Code in the proof of service for the notice of entry of judgment.

Schneider has not shown these circumstances require reversal. Respondents, again, used the very address that Schneider provided in his complaint. Schneider never even acknowledges this detail. Nor has Schneider shown, or even attempted to show, that respondents' omission of the ZIP Code prevented him from receiving their mailings. Nothing in the record shows that the absence of the ZIP Code for the City of Jackson hindered the United States Postal Service's ability to deliver the mail to the City of Jackson. Schneider, for instance, cites no declaration or other evidence showing he failed to receive respondents' mailings. Nor does he claim he was unaware of respondents' demurrer and motion to strike before the trial court's ruling. And as far as we have found, nothing in the record shows respondents' mailings were returned to sender. Under similar facts, another court inferred that a document mailed without a ZIP Code was nonetheless delivered to the intended recipient. (*In re T.W.* (2011) 197 Cal.App.4th 723, 730 [inferring a party received a document mailed without a ZIP Code because the listed address was otherwise correct, the document was not returned to sender, the intended recipient offered no declaration stating she did not receive the document, she did not claim in her brief on appeal that she was unaware of the document, and, in one filing, she did not claim she did not receive the document].) We find similarly here.

3

Second, Schneider argues the trial court harmed him by "rubber stamping in unlawful detainer case 19cvc11334 and forcing him into homelessness." Schneider appears to challenge the trial court's decision in a separate proceeding involving respondents' earlier unlawful detainer action. But that action is not the subject of this appeal. (See *OC Interior Services, LLC v. Nationstar Mortgage, LLC* (2017) 7 Cal.App.5th 1318, 1327-1328 [a trial court's decision in a separate case is generally not subject to collateral attack].) And regardless, Schneider has not shown the trial court's decision in that action was in any way flawed. The limited record we have for that case shows respondents filed their unlawful detainer action in late 2019 and, less than a month later, voluntarily dismissed their action without prejudice. Attempting to show impropriety in that case, Schneider claims he "was never given any hearings, due process, or 'chance' to object" before the dismissal. But he never explains the basis for his purported right to a hearing or a chance to object before the dismissal, and we consequently find his unsupported argument forfeited. (*Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784-785 (*Badie*) ["When an appellant . . . asserts [a point] but fails to support it with reasoned argument and citations to authority, we treat the point as waived"].)

Next, Schneider accuses the trial court of perjury and hypocrisy. To support his claim, he cites parts of the record showing several proofs of service and the envelopes apparently associated with these proofs of service. But he never explains the relevance of these materials, and we cannot discern his intended point. We find his claim forfeited as a result. (*Badie, supra*, 67 Cal.App.4th at pp. 784-785.)

Finally, Schneider claims the trial court's procedures violated the First and Fourteenth Amendments of the United States Constitution. He reasons the trial court wrongly employed " 'dual'—Plessy style (1896)—systems of filing, service, and information access," and he asserts "whenever one party has limitations—every other party—and court—shall have those 'exact' same limitations (e.g. 4 x tracing to carbon

4

paper).”  But Schneider never describes the referenced “dual” systems, nor explains his claim that all parties and the court must be subject to the “same limitations.”  We thus find these claims forfeited too.  (*Badie, supra*, 67 Cal.App.4th at pp. 784-785.)

DISPOSITION

The judgment is affirmed.  Respondents are entitled to recover their costs on appeal.  (Cal. Rules of Court, rule 8.278(a).)


_____/s/_____
BOULWARE EURIE, J.


We concur:


_____/s/_____
RENNER, Acting P. J.


_____/s/_____
KRAUSE, J.